# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MASON SOMERS,

          Petitioner,    :    Case No. 2:19-cv-5633

 - vs -                         Chief Judge Algenon L. Marbley
                                 Magistrate Judge Michael R. Merz

WARDEN,
  Noble Correctional Institution,

                                  :
          Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Mason Somers to obtain relief from his convictions and sentences in the Common Pleas Court of Muskingum County, Ohio. It is ripe for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 4), the Warden's Return of Writ (ECF No. 5), and Petitioner's reply (ECF No. 6).

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 7).

**Litigation History**

On November 15, 2017, a Muskingum County, Ohio, grand jury indicted Petitioner on one count each of aggravated burglary, aggravated robbery, kidnapping, and felonious assault, each with a firearm specification. After a trial jury found Petitioner guilty on all counts and

1

specifications, the trial judge merged the aggravated robbery and kidnapping counts and sentenced Somers to a twenty-five year term of imprisonment. With new counsel, Somers appealed to the Ohio Fifth District Court of Appeals, which affirmed his convictions and sentence. *State v. Somers*, No. CT2018-0013, 2018-Ohio-4625 (Ohio App. 5th Dist. Nov. 15, 2018; copy at State Court Record, ECF No. 4, Ex. 16, PageID 114, et seq.). Somers took no appeal to the Supreme Court of Ohio. However, he later filed an application to reopen the direct appeal, asserting ineffective assistance of appellate counsel in the omission of two assignments of error (State Court Record, ECF No. 4, PageID 130-37). The appellate court denied reopening and Somers unsuccessfully sought review in the Supreme Court of Ohio. 156 Ohio St. 3d 1464, 2019-Ohio-2892.

Somers also filed a timely *pro se* petition for post-conviction relief under Ohio Revised Code § 2953.21. After the trial court denied relief, he appealed, again *pro se*, to the Fifth District, which affirmed. *State v. Somers*, No. CT2019-0020, 2019-Ohio-3157 (Ohio App. 5th Dist., Aug. 5, 2019; copy at State Court Record, ECF No. 4, PageID 385, et seq.), appellate jurisdiction declined, 157 Ohio St. 3d 1496, 2019).

On December 20, 2019, Somers filed his Petition in this Court pleading the following grounds for relief:

> **Ground One**: Petitioner's conviction for Aggravated Burglary and Felonious Assault should merge into one sentence. The United States Constitution.
>
> **Supporting Facts:** Petitioner allegedly pointed a firearm at the victim as he directed the victim across the threshold into the victim's home, which is the subject of the Aggravated Burglary and Felonious Assault sentencings. Ohio Law provides for merger of Sentencing when a defendant commits one act that constitute (*sic*) more than one offense. This is for reason that a sentence must comport with the Double Jeopardy Clause of the United States Constitution, however, Petitioner's sentence in this case, did not

2

merge, ran consecutively, thus he was punished for two acts when his animus and conduct support only one conclusion.

**Ground Two**: Prejudicial Prosecutor misconduct occurred at Petitioner's trial and Defense Counsel rendered deficient performance in failing to object, recuse himself, and request appointment of co-counsel.

**Supporting Facts:** Prosecutor acted inappropriately by arguing that Petitioner knew the facts of the case before Petitioner received the state's discovery response and that guilt could be implied from that fact. Prosecutor's comments on the evidence were improper because he knew or should have known that Appellant was informed of the facts prior to and during the November 11, 2017 arraignment hearing.

And, trial counsel, whom (*sic*) also represented Petitioner at the arraignment hearing, had the obligation to object to the prosecutor's false misleading insinuations, to inform that trial court that he was the person to inform Petitioner prior to and during the November 11, 2017 Arraignment Hearing of the facts of the case the prosecutor eludes [sic] to, to request to withdraw from the case and request appointment of co-counsel so he could be called as a witness and testify as to his conversations with his client regarding the facts of the case, in an effort to rebut the prosecutor's contention that Petition had foreknowledge of the facts.

**Ground Three**: Petitioner was denied the effective assistance of trial counsel when Counsel coerced him not to testify.

**Supporting Facts:** The prosecutor made false misleading insinuations about Petitioner knowing the facts of the case prior to receiving the December 2017 discovery and since Petitioner did have that knowledge, was the one who committed the offenses. Defense Counsel was the individual who informed Petitioner of the facts of the case prior to receiving the discovery, this it was prudent upon counsel to let the jury know that the prosecutor was not being honest with his evidence with testimony from the Petitioner. Defense Counsel told Petitioner not to testify because the prosecutor had not proven its case, that Petitioner was going home and if he testified the prosecutor would bring up his prior criminal record and Petitioner would be convicted. Coercion at its finest.

(Petition, ECF No. 1, PageID 7-13.)

# Analysis

**Ground One: Double Jeopardy: Failure to Merge Aggravated Burglary and Felonious Assault**

In his First Ground for Relief, Somers alleges that punishing him separately for aggravated burglary and felonious assault violates his rights under the Double Jeopardy Clause of the Fifth Amendment. He claims that his conviction for felonious assault is for pointing a gun at the victim as he "directed the victim across the threshold into the victim's home." Since, he says, this was only one act, he can only be punished once for it, instead of the consecutive sentencing he received.

On direct appeal, the Fifth District recited the following facts which it found from the trial transcript:

> On August 23, 2017, at approximately 10:30 p.m., Ernest Dilley was sitting in his home when there was a knock at his front door. Mr. Dilley opened the door believing it to be his daughter returning home from work, but instead it was a man holding a gun, with a bandana covering part of his face. (T. at 165). Mr. Dilley noticed the man was around six feet tall and had tattoos on his arms and on the hand holding the gun. *Id*. The man charged into the house and pushed Mr. Dilley through the threshold area of the home, into the living room, until Mr. Dilley was on his couch. Id. The man pointed the gun at Mr. Dilley and demanded all of Mr. Dilley's money. *Id*. Mr. Dilley told the intruder his money was at the bank. The intruder then picked up a lid from a glass candy jar and struck Mr. Dilley in the face. (T. at 167). The intruder grabbed Mr. Dilley's cell phone off the coffee table and ran out of the house. Mr. Dilley followed the intruder to the front porch area. Once outside, Mr. Dilley noticed the glass candy dish lid had been dropped in his yard. On top of the broken glass lid was a flashlight.

*Somers*, 2018-Ohio-4625, at ¶ 14. -4625; copy at State Court Record, ECF No. 4, PageID 115.

Respondent asserts this Ground for Relief is procedurally defaulted in a number of ways:

by failure to contemporaneously object in the trial court, by failure to raise a double jeopardy claim on direct appeal, and by failure to appeal to the Supreme Court of Ohio (Return of Writ, ECF No. 5, PageID 841, *et seq.*).

In his Reply, Somers states he raised this claim in his Application for Reopening under Ohio R.App.P. 26(B) and then argues the merits of the claim (ECF No. 6, PageID 884-88). The purpose of a proceeding under App. R. 26(B) is to raise claims of ineffective assistance of appellate counsel, and that is what Somers claimed he was doing in that proceeding (Application, State Court Record ECF No. 4, PageID 130). One of the assignments of error he asserted should have been raised was the failure to the trial court to merge his convictions for aggravated burglary and felonious assault, the same claim made in the First Ground for Relief. *Id.* at PageID 133. Applying the correct federal standard under *Strickland v. Washington,* 466 U.S. 668 (1984), the Fifth District concluded it was not ineffective assistance of appellate counsel to fail to raise this assignment of error because there would have been no merit in it "due to the fact that a firearm was used in the aggravated burglary, therein [sic] preventing merger with the felonious assault charge." *Somers*, 2019-Ohio-

Presentation of a claim as an omitted assignment of error in a Rule 26(B) Application does not preserve that claim for merits review in federal habeas corpus. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), citing *Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001).

> The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel."

*Id.*, quoting *Lott*, 261 F.3d at 612

Because an allied offenses claim under Ohio Revised Code § 2941.25 and an associated double jeopardy claim should have been raised at the time of sentencing, Somers procedurally defaulted this claim when he made no objection at sentencing. Because the claim could have been litigated on the fact of the appellate record, Somers again procedurally defaulted by not presenting this claim on direct appeal. Because he never appealed from the Fifth District's direct appeal decision to the Supreme Court of Ohio, his failure constitutes another unexcused procedural default. Therefore, Somers' First Ground for Relief should be dismissed as procedurally defaulted.

Moreover, the claim is without merit as a double jeopardy claim.[1] The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("*Blockburger* test"). As Petitioner's quotations of the statute show, a person can commit aggravated burglary in Ohio by trespassing in an occupied structure with the purpose of committing an offense if the offender either inflicts or threatens to inflict physical harm or the offender has a firearm. Here the facts as found by court of appeals are that Somers actually inflicted physical harm on the victim by striking him in the fact with the glass candy jar lid. The state thus did not have to prove the presence of a firearm to show aggravated burglary. Somers' First Ground for Relief is therefore without merit.

**Ground Two: Prosecutorial Misconduct and Ineffective Assistance of Trial Counsel**

---

[1] Whether Ohio Revised Code § 2941.25 provides more protection against multiple convictions or punishments than the Double Jeopardy Clause, and therefore might provide protection here, is a question of Ohio state law only, on which this Court is bound by the conclusions of the Fifth District. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

6

In his Second Ground for Relief, Somers argues the prosecutor committed misconduct by arguing to the jury that Somers knew many of the facts of the crime before he received discovery and therefore must have been the perpetrator. He further accuses his trial attorney of ineffective assistance for not recusing himself and testifying as to how Somers knew those facts.

Although the prosecutor's allegedly improper comments were part of the trial transcript, Somers did not raise this claim on direct appeal. When he later presented it in post-conviction, the Fifth District held that it was barred by the Ohio criminal doctrine of *res judicata* which requires that issues must be raised and litigated on direct appeal if they can be shown from the face of the record.

> {¶ 20} The alleged prosecutorial conduct was part of the record in this case. The prosecutor referenced Appellant's foreknowledge in his opening and closing statements, contending that Appellant had information about the crime long before the state responded to Appellant's discovery request. The state presented two recorded conversations of Appellant in support of its contention that the Appellant had committed the crimes described in the complaint because appellant had knowledge of the facts. Appellant's trial counsel addressed this issue in cross examination and closing, arguing that Appellant could have received the same information from other sources and the state had failed to rule out those alternatives.
>
> {¶ 21} Appellant had the opportunity to raise the claim of prosecutorial misconduct that he now sets forth in the instant appeal at trial and in a direct appeal. Such claims, therefore, are barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.* at paragraph 8 of the syllabus. A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the

> issue at trial or on direct appeal. *State v. Szefcyk,* 77 Ohio St. 3d 93, 96, 1996-Ohio-337, 671 N.E.2d 233 (1996).
>
> {¶ 22} Appellant had the opportunity to raise the issue of the prosecutor's conduct at trial and a direct appeal thereafter, but failed to do so. This portion of the first assignment of error is overruled.

*Somers*, 2019-Ohio-3157.

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 113-14 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 18 (1981).

However, an incorrect application of a state *res judicata* rule does not constitute reliance on an adequate and independent state ground. *Wogenstahl v. Mitchell*, 668 F.3d 307, 341 (6th Cir. 2012), citing *Richey v. Bradshaw*, 498 F.3d 344, 359 (6th Cir. 2007); *Durr v. Mitchell*, 487 F.3d 423, 434-35 (6th Cir. 2007). Moreover, "presentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307, 315 (12th Dist. 1995), citing *State v. Smith*, 17 Ohio St. 3d 98, 101 n.1 (1985).

Somers attempts to defeat the application of *res judicata* here by claiming that he did rely on evidence outside the appellate record to prove this claim in post-conviction, to wit, a transcript of the November 11, 2017, arraignment hearing which he claims he had to purchase separately. (Reply, ECF No. 6, PageID 898.) This argument misunderstands what it means to be "outside the record." The transcript of the arraignment is attached to Somers' Petition for Post-Conviction Relief (State Court Record, ECF No. 4, PageID 216, *et seq.*_ and certified by the court reporter who recorded the proceedings when they occurred.[2] If Somers had raised this claim on direct

---
[2] The copy in the State Court Record as furnished to this Court does not have Ms. Tahyi's signature (State Court Record, ECF No. 4, PageID 221). The Magistrate Judge assumes the regularity of the transcript because the state

8

appeal and had needed this portion of the record transcribed to prove the relevant assignment of error, it would have been available to him and his appellate counsel. In other words, the arraignment happened "on the record" in the Court of Common Pleas, but that portion of the record was not transcribed for the direct appeal because it was not needed in support of any assigned error.

Somers also filed his own Affidavit in support of his post-conviction petition (Somers Affidavit of February 11, 2019, State Court Record, ECF No. 4, PageID 212-15). In it he attempts to explain how he knew the facts of the crime when he made statements referred to in the Affidavit:

> ¶ 16  Prosecutor Litle solicited testimony from Detective Brad Shawger that I made a phone call on November 22, 2017 and had a visit on November 26, 2017 at which times I made comments about the case before receiving discovery, thus having knowledge about the case before I should have;
>
> ¶ 19 After the Prosecutor rested its case, I told Attorney Keith Edwards that I wanted to testify because it needed to be cleared up as to how I knew about the case prior to November 22, 2017;
>
> ¶ 25 Just based upon the November 11, 2017 Arraignment Hearing Transcript, Prosecutor Litle knew or should have known that I was given some of the facts of the case by Assistant Prosecutor Gerald Anderson and based upon that knowledge knew his statements to the jury were untrue, false and misleading[.]

*Id.* at PageID 213, 214. Thus the prosecutor's comments that Somers regards as misconduct happened on the record at trial.

Assistant County Prosecutor Anderson, in opposing Mr. Edwards' motion for bond reduction pointed out that Somers had prior felony drug convictions. He continued:

> The facts of this case, it's a -- he breaks in. He's assaulting this individual. He -- while leaving -- he has a firearm with him. While leaving, he drops a-flashlight that has his DNA on it. The evidence is very strong that this is the individual. It's a very serious crime.

---

courts did not question it.

> For those reasons, the State would believe that bond should be continued as previously set.

(Arraignment Tr., State Court Record, ECF No. 4, PageID 220).

> The state presented two audio recordings of Appellant from a phone call and a visit. In the recordings, Appellant comments on the facts of the case and concludes that he should get a "sweet deal" as a result of the lack of any egregious actions during the offense. Appellee argued the statements were made prior to the state responding to Appellant's discovery requests, suggesting that Appellant had knowledge of the facts that only the perpetrator would know. Appellee's trial counsel cross-examined the officer who introduced the tapes, suggesting during those questions and in his closing argument that there were alternative sources for the information the Appellant described, such as the complaint, trial counsel, or other individuals. Appellant's trial counsel chose not to have his client testify and avoided subjecting him to cross examination, which, according to Appellant's brief, would disclose a prior drug offense and, based upon the record, may have been of little material assistance.

*Somers*, 2019-Ohio-3157, at ¶ 7. On his direct appeal, he argued these recordings should have been excluded because they were hearsay and trial counsel was ineffective for failing to object to them, but the Fifth District held they were admissible under Ohio R.Evid. 801(D)(2) as admissions of a party opponent. *Somers*, 2018-Ohio-4625, at ¶¶ 48-49.

At trial, upon direct examination of Detective Brad Shawger, the State was able to establish that the discovery letter conveying Shawger's file to defense had gone out on December 6, 2017 (Tr., State Court Record, ECF No. 4-1, PageID 693). Shawger reviewed a recording of a telephone conversation between Somers and his brother that occurred November 22, 2017, in which Somers discussed his prior possession of a "little key chain flashlight." *Id.* at 694-95. Then on November 26, 2017, Somers was visited by Autumn, "the mother of Somers' children." *Id.* at PageID 695. During that conversation. Somers told Autumn "they better offer me a sweet deal. . . [because] there was no forced entry, the victim wasn't shot . . . [and n]othing was taken." *Id.* at PageID 696.

These recorded statements of Petitioner evince a much more detailed knowledge of the offense than was conveyed by Assistant Prosecutor Anderson at the arraignment. He mentions a dropped flashlight with Somers' DNA on it, but he gives no further description of the flashlight, while Somers' description is much more complete – it's a key chain flashlight that Somers used to have. Anderson mentions the assault, but he doesn't say the victim wasn't shot. He doesn't say there was no forced entry. And he doesn't say nothing was taken. All of those are true facts about the crime which would have been known by the perpetrator. Somers has offered no proof that his attorney would have known those facts before discovery was provided December 6, 2017.

Because Somers was recorded describing facts about the crime that he had no way of knowing except by being the perpetrator, the prosecutor's comments to that effect were not false or misleading to the jury. Somers' claim of prosecutorial misconduct in Ground Two is completely without merit.

Because the claim is without merit, it was not ineffective assistance of trial counsel to fail to object to the prosecutor's comments. Instead, defense counsel cross-examined the detective and suggested in argument other sources from which Somers might have obtained this information, The jury did not accept the argument, but determination of what witnesses to believe was their province.

Somers' claim that his trial attorney was the source of these details about the crime before discovery was provided is completely unsubstantiated. He provided no affidavit from Mr. Edwards to that effect in support of his post-conviction relief petition. In fact, in his own Affidavit he never details what facts his lawyer gave him off the record about the crime.

Ground for Relief Two should be dismissed.

**Ground Three:  Ineffective Assistance of Trial Counsel**


In his Third Ground for Relief, Somers asserts he received ineffective assistance of trial counsel when his attorney "coerced" him not to testify.  The alleged coercion consisted in advising Petitioner not to testify because he was "going home today" "and if you testify, the prior possession charges will surely convict you."  (Reply, ECF No. 6, PageID 904-05).  Somers asserts this constituted "psychological" or "mental coercion."  *Id.* at PageID 905.

The record shows that when the trial judge called for defendant to call his first witness, the defense rested without calling any witnesses (Tr., ECF No. 4-1, PageID 710).  Somers did nothing to make the trial judge aware that he wanted to testify, which was of course his right.

The record does not demonstrate any coercion on counsel's part.  Given the evidence, counsel's prediction of acquittal was sanguine, but the advice to a convicted felon not to testify in his own behalf is extremely common advice under these circumstances.  Somers opines that would not have mattered, that the convictions were unrelated, but the vigor with which defense counsel regularly fight admission of prior convictions seriously undercuts that claim. Any defense attorney who advised a previously-convicted defendant to take the stand would probably have to defend against an ineffective assistance of trial counsel claim.  And if Somers had insisted on testifying, Edwards would almost certainly have insisted on putting on the record his advice that Somers should not. Of course, any witness is subject to cross-examination about prior felony convictions, so they certainly would have come up.

Ground Three should therefore be dismissed.


**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 10, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.