# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MASON SOMERS,

                  Petitioner,        :    Case No. 2:19-cv-5633

    - vs -                            Chief Judge Algenon L. Marbley
                                            Magistrate Judge Michael R. Merz

WARDEN,
  Noble Correctional Institution,

                                  :
                  Respondent.

## OPINION AND ORDER

This is a habeas corpus case brought *pro se* by Petitioner Mason Somers to obtain relief from his convictions and sentences in the Common Pleas Court of Muskingum County, Ohio. It is before the Court on Petitioner's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 8). Respondent has filed a Response to the Objections as well (ECF No. 12).

As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* each portion of the Report to which substantial objection has been made and rules on them in this Order.

1

**Ground One: Double Jeopardy: Failure to Merge Aggravated Burglary and Felonious Assault**

In his First Ground for Relief, Somers alleges that punishing him separately for aggravated burglary and felonious assault violates his rights under the Double Jeopardy Clause of the Fifth Amendment.

Respondent sought dismissal of this Ground for Relief as procedurally by failure to contemporaneously object in the trial court, by failure to raise a double jeopardy claim on direct appeal, and by failure to directly appeal to the Supreme Court of Ohio from the Fifth District Court of Appeals' affirmance (Return of Writ, ECF No. 5, PageID 841, *et seq.*).  The Magistrate Judge agreed (Report, ECF No. 8, PageID 1128).

Petitioner objects that the allied offenses claim could have been raised on direct appeal as "plain error." (Objections, ECF No. 11, PageID 1142).  While it is true that an Ohio appellate court can consider, under the plain error doctrine, an issue forfeited in  the trial court by lack of contemporaneous objection, such consideration would not constitute a waiver of the procedural default in the trial court.  This is because Ohio appellate review for plain error is an enforcement of the trial court default, rather than an excuse of it.  An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir.  2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Awkal v. Mitchell*, 613 F.3d 629, 648 (6th Cir. 2010)(en banc); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).  Thus even if Somer's appellate counsel had raised this claim as a plain error, that would not excuse his trial attorney's default for lack of a

2

contemporaneous objection[1].

Somers next objects that he did not have to raise the issue on direct appeal because Ohio offers an alternative method of raising such a claim, to wit, by filing an application for reopening the appeal by application under Ohio R. App.26(B)(Objections, ECF No. 11, PageID 1142-43). Somers is mistaken. The only issue that can be raised in a 26(B) application is a claim of ineffective assistance of appellate counsel. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

Somers argues that *Wogenstahl* and *Lott* are distinguishable because in those cases the 26(B) applications were untimely (Objections, ECF No. 11, PageID 1143). It is correct that Wogenstahl's 26(B) application at issue in the reported case was untimely – it was filed more than two years after an amendment to Ohio Supreme Court Practice Rules removed a jurisdictional barrier. 668 F.3d at 321. However, the Sixth Circuit did not rest its decision on that procedural ground, *Id.* at 322. The circuit court's holding on the relevant issue here appears later in its opinion:

> Further, Wogenstahl's contention that he properly exhausted his substantive challenges to trial-court rulings on prosecutorial misconduct arguments as part of an Ohio R. App. 26(B) application reflects a fundamental misunderstanding about the limited relief available under Rule 26(B). Rule 26(B), *Murnahan*, motions are

---

[1] Of course if the Fifth District had found plain error and reversed, the question would not be before this Court.

> vehicles designed exclusively for raising claims alleging IAAC. See Ohio R. App. 26(B)(1) ("A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." (emphasis added)); see also Ohio Sup. Ct. Prac. R. 11.6; *Murnahan*, 584 N.E.2d at 1205. Wogenstahl's Rule 26(B) motions preserved for habeas review only his IAAC arguments, not the underlying substantive arguments. See *Lott v. Coyle,* 261 F.3d 594, 612 (6th Cir. 2001). The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id*. (internal quotation marks omitted).

*Id*. at 338. The *Lott* opinion does not record that his *Murnahan*[2] motion was untimely and the holding of the case on the point at issue is precisely the holding for which the *Wogenstahl* case cites it: 26(B) applications do not bring the underlying issues before the court of appeals on the merits. Somers' purported distinction of *Wogenstahl* and *Lott* is unpersuasive.

Because the Magistrate Judge's procedural default analysis is dispositive of Ground One, it is not necessary to review the Report's alternative analysis of the merits.

**Ground Two: Prosecutorial Misconduct and Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Somers argues the prosecutor committed misconduct by arguing to the jury that Somers knew many of the facts of the crime before he received discovery and therefore must have been the perpetrator. He further accuses his trial attorney of ineffective assistance for not recusing himself and testifying as to how Somers knew those facts.

---

[2] *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). In *Murnahan* the Supreme Court of Ohio precluded use of a post-conviction petition under Ohio Revised Code § 2953.21 to raise claims of ineffective assistance of appellate counsel. App. R. 26(B) is the codification of *Murnahan*.

The Fifth District Court of Appeals concluded that because the prosecutor's allegedly improper remarks appeared on the face of the trial record, this claim should have been raised on direct appeal and was barred by *res judicata* when Somers eventually raised it in his petition for post-conviction relief. *State v. Somers*, 2019-Ohio-3157 ¶¶ 20-22 (Ohio App. 5th Dist. Aug. 5, 2019).  The Magistrate Judge recommended dismissing Ground Two as procedurally defaulted because the Ohio *res judicata* doctrine is an adequate and independent procedural ground for a state court decision.  (Report, ECF No. 8, PageID 1130).  The Report analyzed the claim on the merits in the alternative and concluded the prosecutor's statements were not misconduct because they constituted a proper summary of the evidence:  Somers was shown to have known facts about the crimes which he did not learn from discovery and therefore was probably the perpetrator. *Id.* at PageID 1130-33.)

The Objections offer no refutation of the Report's procedural default recommendation based on the Fifth District's *res judicata* conclusion, and the Court finds this recommendation is well taken. On the Magistrate Judge's alternative merits analysis, Somers admits he had no statement from his trial counsel to corroborate his claim that he learned the damning facts from trial counsel.  As cure for that problem, he seeks an evidentiary hearing in this Court.  However, habeas courts cannot hold evidentiary hearings on matters decided on the evidence in the state courts unless we find that the state court's decision was an unreasonable determination of the facts on the evidence it had before it.  *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Ground Two will be dismissed as procedurally defaulted and without merit.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Somers asserts he received ineffective assistance of trial counsel when his attorney "coerced" him not to testify.  The Report recommended dismissing this claim because the record did not show any such coercion (ECF No. 8, PageID 1134).

Somers objects that the coercive words were "whispered in his ear" off the record and that was his reason for filing a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Objections, ECF No. 11, PageID 1154).  In the body of petition for post-conviction relief, Somers says his attorney persuaded (not coerced) him not to testify by asserting the prosecutor had not proved his case and that Somers' prior conviction for drug possession would persuade the jury to convict (Petition, State Court Record, ECF No. 4, PageID 209).  Somers' Affidavit attached to the Petition does not add anything to these statements.

On the merits the Court agrees with the Magistrate Judge that Somers has not proved his attorney coerced him into not testifying.  Somers agrees with his attorney's assessment that the proof of guilt was not overwhelming, especially since the victim did not make an in-court identification.  The attorney's advice that the prior drug possession conviction would be quite damaging is certainly within the range of common and competent advice under similar circumstances.  And a point not mentioned by Somers but undoubtedly in his counsel's mind were the many other questions the prosecutor could have asked on cross-examination about Somers' knowledge of the crime.

Ground Three will also be dismissed.

**Conclusion**

Having reviewed the Report, the Court finds the Objections are not well-taken.  The Report is ADOPTED and the Petition is ordered dismissed with prejudice.  The Clerk will enter a separate judgment to that effect.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

6

DATED:  June 23, 2020.

_____
Algenon L. Marbley
Chief  Judge United States District Court